DECISION
Defendant-appellant, Sidney Lewis, appeals from decisions of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch (1) overruling defendant's motions with respect to the guardian ad litem appointed in the case, and (2) finding defendant in contempt and allowing him to avoid the resulting ten-day jail sentence by payment of the court-ordered guardian ad litem fees. Because the appeal is premature regarding the guardian ad litem motions, and moot as to the contempt action, we dismiss the appeal.
As noted in a prior appeal in this action, on November 5, 1997, plaintiff-appellee, Natice Davis, filed a "Complaint for an Allocation of Parental Rights and Responsibilities Only" against defendant. See Davisv. Lewis (Feb. 18, 1999), Franklin App. No. 98AP-661, unreported ("LewisI").
On June 24, 1998, a magistrate ordered defendant to pay a $400 deposit for guardian ad litem fees, and defendant objected. The trial court overruled the objections on July 17, 1998. On August 31, 1998, defendant requested findings of fact and conclusions of law regarding the decision overruling his objections. By magistrate's decision of September 17, 1998, which the trial court adopted the same day, defendant's request for findings of fact and conclusions of law was denied as untimely. On September 24, 1998, defendant filed an objection to the magistrate's order, seeking to have the case dismissed for lack of jurisdiction.
In the meantime, on July 30, 1998, another magistrate's order was journalized, again appointing a guardian ad litem and ordering defendant to deposit $800 for guardian ad litem fees. By memorandum of agreement entered into on September 23 and filed on September 25, 1998, defendant agreed to pay the guardian ad litem $400 by September 23, and another $400 by November 16, 1998.
On December 30, 1998, the guardian ad litem filed a motion requesting the court order defendant to show cause why he should not be held in contempt for failure to follow court orders regarding the payment of the full $800 in guardian ad litem fees; on the same day, the court ordered defendant to show cause. In response, on January 22, 1999, defendant entered into a memorandum of agreement with the guardian ad litem finding defendant in contempt and agreeing that the ten-day jail time imposed as a sanction would be suspended if defendant paid $400 in cash by 9:00 a.m. on March 1, 1999. In the interim, defendant moved to remove the guardian ad litem for conflict of interest.
On February 2, 1999, the magistrate issued an order adopting the memorandum agreement and extending the time for payment until April 1, 1999; the trial court adopted the magistrate's decision the same day. Again, defendant filed objections to the magistrate's decision. Prior to April 1, 1999, however, he paid the required $400, following it with an April 26, 1999 motion to remove the guardian ad litem. On July 8, 1999, the court issued a decision denying defendant's motion to remove the guardian ad litem and overruling his objections to the magistrate's decision finding him in contempt.
On July 26, 1999, defendant filed a notice of appeal from the trial court's July 8, 1999 decision, assigning the following errors:
 I. THE TRIAL COURT FAILED TO DISMISS COMPLAINT 97JC-1212, NATICE DAVIS VS. SIDNEY LEWIS, FOR PLAINTIFF'S LACK OF STANDING TO BRING THE INSTANT ACTION BEFORE THE COURT AS PLAINTIFF, NATICE DAVIS, WAS NOT THE REAL PARTY IN INTEREST PURSUANT TO CIVIL RULE 17(A).
 II. THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO JUVENILE DIVISION IS WITHOUT AUTHORITY TO APPROVE A FEE IN EXCESS OF THAT SET IN THE SCHEDULE PASSED BY THE FRANKLIN COUNTY COMMISSIONERS PURSUANT TO O.R.C. 120.01. ET SEQ., O.R.C. 2151.01 ET SEQ., AND; O.R.C. 2931.01 ET SEQ.
 III. THE COURT FAILED TO DECLARE NATICE DAVIS A "VEXATIOUS LITIGATOR" AND DISMISS THE INSTANT CASE WHEN PLAINTIFF FRIVOLOUSLY FILED THE INSTANT ACTION KNOWING IDENTICAL MATTERS WERE PENDING IN PREVIOUSLY FILED COMPLAINTS BY THE PLAINTIFF PURSUANT TO CIV.R. 60(B); OHIO REVISED CODE 2323.52(A)(2)(a)(b) AND (c); AND ISSUE SANCTIONS PURSUANT TO RULE 11; AND O.R.C. 2715.02.
 IV. THE COURT FAILED TO RULE ON DEFENDANT'S MOTION TO REMOVE THE GUARDIAN AD LITEM FOR FAILURE TO CORRECT THE DEFECTIVE GUARDIAN'S REPORT PURSUANT TO CIV.R. 53(C)(2)(b) AND O.R.C. 2151.281(D); AND, RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON DEFENDANT'S MOTION OF AUGUST 31, 1998 FINDING THE DEFENDANT IN CONTEMPT FOR FAILURE TO PAY THE GUARDIAN'S FEE'S PURSUANT TO CIV.R. 53(E)(1), (2) AND (4)(b).
 V. THE TRIAL COURT FAILED TO ORDER DEFENDANT'S FORMER ATTORNEY, RETANIO RUCKER, IN CONTEMPT IN FAILING TO SURRENDER ALL OF PLAINTIFF'S PROPERTY, I.E., TRIAL MATERIALS AND UNEARNED FEES BEFORE GRANTING PERMISSION TO WITHDRAW, PURSUANT TO THE SUPREME COURT RULES FOR THE GOVERNMENT OF THE BAR OF OHIO, RULE V, SECT. 8(E)(1)(b) AND (c).
 VI. THE TRIAL COURT FAILED TO ORDER DEFENDANT'S FORMER ATTORNEY, WESLEY EMERSON, TO SURRENDER ALL OF PLAINTIFF'S PROPERTY, I.E., TRIAL MATERIALS AND UNEARNED FEES BEFORE GRANTING PERMISSION TO WITHDRAW, WITHOUT PERMITTING DEFENDANT THE OPPORTUNITY TO OBJECT AND REQUEST A SHOW CAUSE HEARING IN THE MATTER PURSUANT TO THE SUPREME COURT RULES FOR THE GOVERNMENT OF THE BAR OF OHIO, RULE V, SECTION 8(E)(1)(b) AND (c).
 VII. THE GUARDIAN AD LITEM FAILED TO INFORM THE COURT IN 97JC-1212 OF DEFENDANT'S WAIVER OF CUSTODY AND VISITATION; SUBSTANTIAL CHANGE IN THE FINANCIAL CONDITION OF THE MINOR CHILD, NAKIA LEWIS, DUE TO COURT ORDERED SUPPORT RENDERED ON SEPTEMBER 23, 1998 IN 83PA- 06-4314; AND, THAT NO GENUINE ISSUES REMAINED REGARDING NAKIA LEWIS, IN CASE NO. 97JC-1212 IN VIOLATION OF O.R.C. R.C. 2151.281(D) AND R.C. 2913.01(C)(3).
 VIII. THE GUARDIAN AD LITEM'S REPORT FILED NOVEMBER 16, 1998 CONTAINED A FALSE AND MISLEADING NAME OF THE PLAINTIFF AS ELEGRA LEWIS INSTEAD OF THE REAL PARTY IN INTEREST, ELEGRA DAVIS, SAID INFORMATION SUPPLIED BY THE GUARDIAN AD LITEM IS PREJUDICIAL PURSUANT TO R.C. 2913.01(A), (B), (C)(3).
 IX. THE TRIAL COURT FAILED TO RULE ON DEFENDANT'S MOTION TO REMOVE THE GUARDIAN AD LITEM, SEVERANCE OF NAKIA LEWIS, MOTION TO COMPEL REPORT OF GUARDIAN AD LITEM, AND REQUEST FOR RECONSIDERATION OF FINDINGS OF FACT FILED ON OCTOBER 6, 1998 AND AUGUST 31, 1998 BEFORE RULING ON GUARDIAN'S MOTION FOR CONTEMPT/SHOW CAUSE FILED ON DECEMBER 30, 1998, PURSUANT TO RULE 53(E)(4)(C); 14TH AMENDMENT, UNITED STATES CONSTITUTION DUE PROCESS; AND O.R.C. 2151.281(D).
 X. THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTING BIAS AND DISCRIMINATION, WHEN IT FAILED TO DIRECT THAT PAYMENTS FOR THE APPOINTMENT OF THE GUARDIAN AD LITEM FOR PLAINTIFF BE ASSESSED TO THE COUNTY'S TREASURER PURSUANT TO O.R.C. 2151.281(D), FOR PAYMENT OF THE APPOINTMENT OF A GUARDIAN AD LITEM MANDATED BY THE FRANKLIN COUNTY COMMISSIONERS 1996 RESOLUTION ADOPTING A FEE SCHEDULE FOR SUCH APPOINTMENTS, PURSUANT TO O.R.C. 2151.281(D); RULE 53(D)(1); 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION DUE PROCESS, 8TH AMENDMENT, U.S. CONST. EQUAL PROTECTIONS; AND THE FRANKLIN COUNTY COMMISSIONERS RESOLUTION NO. 1247-96 PASSED ON DEC. 10, 1996.
Before we are able to address the assigned errors, this court must have jurisdiction by virtue of the trial court's having rendered a final appealable order. Here, plaintiff's complaint was for an allocation of parental rights and responsibilities only. The record reflects no final decision from the trial court on plaintiff's complaint. Instead, the bulk of the litigation in the trial court surrounds the appointment of a guardian ad litem, payment of the guardian ad litem's fees, and defendant's attempts to have the guardian ad litem removed from the case. As this court noted in Lewis I, the "appointment of a guardian adlitem and order requiring a party pay a deposit for guardian ad litem
fees do not fit within any of the definitions set forth in R.C.2505.02(B)." Similarly, defendant's motion to remove the guardian adlitem, and the trial court's decision denying it, are not final appealable orders as they also do not fit within any of the definitions of a final appealable order set forth in R.C. 2505.02(B).
The only final and appealable order at issue in this appeal is the trial court's order adopting the magistrate's decision that found defendant in contempt for failure to pay the ordered guardian ad litem
fees, imposed a sanction of ten days in jail, and allowed defendant the opportunity to avoid the sanction by paying the remaining $400 in guardianad litem fees by April 1, 1999, a condition defendant met. Defendant timely objected to the magistrate's decision, thereby delaying the appealability of the court's order until it ruled on his objections. The trial court actually overruled the objections on July 8, 1999, and defendant timely appealed. Accordingly, his appeal with respect to the contempt action is timely and from a final appealable order.
Nonetheless, defendant's appeal presents us nothing to adjudicate. By paying the $400 ordered under the trial court's contempt action and purging the contempt, defendant rendered the contempt finding moot. Caronv. Manfresca (Sept. 23, 1999), Franklin App. No. 98AP-1399, unreported. Because this court will not rule upon an issue which has become moot, we decline to consider whether the trial court properly found defendant in contempt and sanctioned him.
Given the foregoing, we do not reach the assigned errors in this appeal, but rather dismiss the appeal as being taken from orders which are not final and appealable or, with respect to the contempt, is moot.
KENNEDY and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.